12-1486-ag
Malenge v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand fourteen.

PRESENT: DENNY CHIN,
         SUSAN L. CARNEY,
         CHRISTOPHER F. DRONEY,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

LINDA A. MALENGE, AKA Linda A. Muamufiya,
NONO BORA MALENGE,
                   Petitioners,

             -v-                                    12-1486-ag

ERIC H. HOLDER, JR., United States
Attorney General,
                   Respondent.

- - - - - - - - - - - - - - - - - - - -x

FOR PETITIONERS:          BRIAN D. O'NEILL, Brian D. O'Neill,
                          Attorney at Law, LLC, Morristown,
                          New Jersey.

FOR RESPONDENT:           DAVID H. WETMORE, Trial Attorney,
                          and Mary Jane Candaux, Assistant
                          Director, Office of Immigration
                          Litigation, for Stuart F. Delery,
                          Principal Deputy Assistant Attorney
                          General, Civil Division, United
                          States Department of Justice,
                          Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED** and the case is **REMANDED** to the BIA for further findings.

Petitioners Linda A. Malenge ("Linda") and her husband Nono Bora Malenge ("Nono"), both natives and citizens of the Democratic Republic of the Congo (the "DRC"), seek review of a March 16, 2012 order of the BIA affirming the April 20, 2010 decision of Immigration Judge ("IJ") Michael W. Straus, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Linda A. Malenge, Nono Bora Malenge, Nos. A098 929 549, A097 852 128 (B.I.A. Mar. 16, 2012), aff'g Nos. A 098 929 549, A097 852 128 (Immig. Ct. Hartford Apr. 20, 2010). We assume the parties' familiarity with the facts and procedural history of this case.

## 1.   Applicable Law

"When the BIA does not expressly 'adopt' the IJ's decision, but 'its brief opinion closely tracks the IJ's reasoning,' [we] may consider both the IJ's and the BIA's opinions 'for the sake of completeness.'" Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008) (quoting Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir. 2006)). We review the IJ's factual findings "under the substantial evidence standard, which requires that they be supported by 'reasonable, substantial and probative evidence in the record when considered as a whole.'" Castro v. Holder, 597 F.3d 93, 99 (2d Cir. 2010) (quoting Iouri v. Ashcroft, 487 F.3d 76, 81 (2d Cir. 2007)). Under this standard

2

the IJ must engage in a "minimum level of analysis" and there must be "some indication that the IJ considered material evidence supporting a petitioner's claim."  Id. (internal quotation marks omitted).  We will vacate and remand for new findings if the agency's "reasoning or [ ] fact-finding process was sufficiently flawed."  Zaman, 514 F.3d at 237.

Pursuant to the REAL ID Act of 2005 (the "Act"), an adverse credibility determination may be based on inconsistencies and inaccuracies without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam).  This standard applies to asylum applications filed after May 11, 2005, the effective date of the Act.  See Xiu Xia Lin, 534 F.3d at 167.  In contrast, for asylum applications submitted prior to the passage of the Act, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding and must be valid grounds for disregarding an applicant's testimony."  Secaida-Rosales v. I.N.S., 331 F.3d 297, 307 (2d Cir. 2003), superseded by the Real ID Act as recognized in Xiu Xia Lin, 534 F.3d at 163 (citation and internal quotation marks omitted).

While we will ordinarily defer to an IJ's findings concerning the authenticity of submitted evidence, "we have refused to credit the IJ's finding that submitted documents were false when we have determined that the IJ based his conclusion on unjustified assumptions and engaged in unsupported speculation."

3

Niang v. Mukasey, 511 F.3d 138, 146 (2d Cir. 2007) (citing Li Zu Guan v. INS, 453 F.3d 129, 139 (2d Cir. 2006)).

## 2.  Application

We hold that the agency's "reasoning or [ ] fact-finding process was sufficiently flawed" that we must vacate and remand for further proceedings.  Zaman, 514 F.3d at 237.

As an initial matter, Nono filed his asylum application in October 2003, and thus the BIA erred in concluding that Nono's application was governed by the credibility standard of the Act. See Xiu Xia Lin, 534 F.3d at 167.  Further, the IJ did not explain what credibility standard he applied in making his adverse credibility determination.  While these legal errors alone arguably might not require remand, here, in light of the evidence that the IJ relied on and failed to address in making his credibility determination, we cannot "confidently predict that the IJ would reach the same decision absent the errors that were made."  Lin v. U.S. Dep't of Justice, 453 F.3d 99, 107 (2d Cir. 2006) (internal quotation marks omitted).  Whether we apply the pre- or post-Act credibility standards, we conclude that the IJ's factual findings, in the circumstances here, are not "supported by 'reasonable, substantial and probative evidence in the record when considered as a whole.'"  Castro, 597 F.3d at 99 (quoting Iouri v. Ashcroft, 487 F.3d 76, 81 (2d Cir. 2007)).

In finding petitioners not credible, the IJ first relied on a Department of Homeland Security identification report that indicated that an individual with an "apparent[ ]" fingerprint match with Nono attempted to enter the United States

4

from Canada on December 17, 2000.  In re Linda A. Malenge, Nono Bora Malenge, Nos. A 098 929 549, A097 852 128, at 13.  The IJ found that if the report were accurate, petitioners' testimony could not be true.  The IJ concluded that the fingerprint evidence supported an adverse credibility determination because it was bolstered by the fact that the photographs of the individual whose fingerprints were taken in 2000 bore a likeness to Nono.

The IJ's conclusion was not based on reasonable or substantial evidence in the record.  First, the fingerprint report itself only noted that there was a "probable match" and that the "match status" was "?".  Joint App'x at 720.  As a report from a fingerprint expert explained, "these results do not provide evidence of a fingerprint match.  They simply show a match in 'probable' status that has not been confirmed by a qualified fingerprint examiner."  Id. at 708-09 (emphasis deleted).  Second, the asylum officer who testified about the report acknowledged that he was not a fingerprint expert and that he was not "qualified to determine whether [the prints] were a match or not."  Id. at 360.  Third, while the asylum officer relied on the photographs, his testimony regarding the likeness of the person in the photo to Nono was equivocal:  "It didn't seem dissimilar to the applicant."  Id. at 359.  The IJ also failed to adequately address the evidence in the record that Nono has an identical twin brother whose whereabouts have been unknown since 1999 and whose existence could explain the resemblance between Nono and the individual photographed at the U.S. border.

5

Indeed, there was no "indication that the IJ considered [this] evidence supporting [ ] petitioner[s]' claim." Castro, 597 F.3d at 99; see also Diallo v. Gonzales, 445 F.3d 624, 629 (2d Cir. 2006) (recognizing that an IJ may err when he "fails to engage or evaluate an asylum applicant's explanations for apparent inconsistencies in the record." (internal quotation marks and citations omitted)). The IJ's failure to adequately address this explanation is particularly problematic given the limited value of the fingerprint evidence.

The IJ's adverse credibility determination was also based on his concerns about the authenticity of a newspaper article that documented the beating Linda suffered in the DRC. While we typically defer to the IJ concerning the authenticity of evidence, we find that "the record does not provide a substantial basis for concluding that [the newspaper article] undermine[s] [petitioners'] credibility." Niang, 511 F.3d at 146.

The IJ questioned the authenticity of the article, in part, because the accompanying photograph did not, in his view, reveal injuries to Linda's face and head. The IJ's finding was impermissibly speculative, however, as this was a photograph in a newspaper taken two days after the alleged beating. See Siewe v. Gonzales, 480 F.3d 160, 168-69 (2d Cir. 2007) ("[W]e will reject a deduction made by an IJ [ ] when there is a complete absence of probative facts to support it -- that is, when the speculation is bald" (internal quotation marks omitted)). Moreover, the IJ did not address evidence that supported Linda's claim: she testified that the photo showed that her mouth was swollen; the photograph,

6

which showed her wearing a cast and using crutches, corroborated her testimony that she was beaten severely and repeatedly with the butt of a gun on her ankle; and she submitted medical evidence that she received surgery in a New York hospital to repair an untreated ankle fracture and dislocation shortly after entering the United States.

The IJ also had questions about the reference numbers and dates on the pages of the newspaper as well as the color and texture of the paper of the different pages. Although the IJ may have had a reasonable basis for questioning the authenticity of the article about Linda, the IJ did not make any definitive findings and merely noted his "serious concerns." These concerns, which were not fully explored by the parties, are not findings, and they did not, by themselves, provide substantial evidence for finding petitioners not credible. Moreover, these concerns related only to Linda's claim, and accordingly they were insufficient to support a determination that Nono was not credible under the pre-Act standard applicable to his case. See Secaida-Rosales, 331 F.3d at 307.

We conclude, based on the totality of the circumstances, that the IJ's concerns about the authenticity of the newspaper article do not provide substantial evidence to support his credibility determination. See Xiu Xia Lin, 534 F.3d at 164 ("[A]n IJ may rely on . . . inconsistencies that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible."); see also Niang, 511 F.3d at 147

7

(acknowledging fact that more than one typewriter appeared to have been used to create identity document provided basis for doubting authenticity of document, but holding that it alone was insufficient to find applicant not credible based on totality of circumstances).  This is particularly true where, as here, the IJ did not make any findings as to the credibility of petitioners' testimony or demeanor, cf. Niang, 511 F.3d at 147 (noting "given the tenuousness of the[ ] suspicions [of the authenticity of the documents submitted], they cannot ground an adverse credibility determination, where petitioner's testimony was otherwise convincing and consistent"), or consider material evidence supporting Linda's claim, see Castro, 597 F.3d at 99-100.

Accordingly, because the agency did not provide any alternative grounds for denying petitioners' applications, we cannot confidently predict that the agency would have made the same decision absent the identified errors and remand is thus required.  See Lin, 453 F.3d at 107.

Finally, we deny petitioners' request for an order assigning the case to a different IJ on remand, as the record does not demonstrate that the IJ was biased against Nono.

For the foregoing reasons, the petition for review is **GRANTED** and the case is **REMANDED** to the BIA for further findings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8